**PETITION for Naturalization OF Horst NEMETZ.**

**No. 13974.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Feb. 26, 1980.

Carolyn S. Motes, Fairfax, Va., and Richard Murray, Pompan, Jaffe & Murray, Washington, D. C., for petitioner.

Robert N. Herman, Gen. Atty. (Nationality), Designated Naturalization Examiner, Washington, D. C., for U. S. Immigration and Nat. Service.

## MEMORANDUM OPINION AND ORDER

OREN R. LEWIS, Senior District Judge.

This matter came on for hearing upon Horst Nemetz' petition for naturalization.

. The United States Department of Justice, Immigration and Naturalization Service, recommended that the said petition for naturalization be denied, and filed with the Court a certified copy of the designated Naturalization Examiner's findings of fact, conclusions of law and recommendation.

The matter was set for hearing on the 15th day of February 1980—the petitioner appeared in person, with counsel—the Immigration and Naturalization Service was represented by one of its attorneys.·

Both sides stated they had no further evidence to present—and would stand on the record as made by the Hearing Examiner.  ·

The petitioner concedes having actively engaged in sexual relations with his male roommate, more or less continuously, since 1967. It was further conceded that these sexual relations took place in private between consenting adults. .

He was never asked whether he had ever engaged in sexual acts constituting sodomy, proscribed by § 18.2–361 of the Code of Virginia.

The Hearing Examiner stated in his brief:

Although the petitioner has not been arrested and convicted of the crime of sodomy, he has admitted to having homosexual "relations" with his roommate during the period in which he is required to prove he is a person of good moral character.

He goes on to state:

It must be noted that the petitioner is not being recommended unfavorably due

to the fact that he is a homosexual, rather for the homosexual activity in which he has participated and which is proscribed by statute.

When petitioner's counsel questioned the Examiner's factual conclusion during the hearing before this Court, the petitioner was offered the opportunity of taking the stand to explain his admitted sexual relations with his male roommate—he elected to remain silent.

His counsel's argument that since it was conceded that the sexual relations in question were between consenting adults in private, these acts of sexual relations fall far short of conduct of a sufficiently reprehensible nature as to render the petitioner a person of bad moral character for purposes of the naturalization laws—is not in accord with Virginia law.

The petitioner has the burden of establishing that he is, in fact, a person of good moral character. *See Berenyi v. District Director, Immigration and Naturalization Service*, 385 U.S. 630, 637, 87 S.Ct. 666, 671, 17 L.Ed.2d 656 (1967).

Sodomy, as defined by Virginia law, is a crime involving moral turpitude.

The constitutionality of the Virginia sodomy statute was expressly upheld in *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), *aff'd mem.* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976), where, after an extremely learned and penetrating analysis, Judge Albert V. Bryan, Sr., writing for the majority, ruled that Virginia could constitutionally regulate and/or proscribe private sexual conduct between consenting adults upon a showing that sodomy "is likely to end in a contribution to moral delinquency", 403 F.Supp. at 1202. Citing an example of licentious living, Judge Bryan concluded that sodomy and homosexuality were, in fact, likely to lead to such a result of moral decay. The Virginia sodomy statute was adopted by the legislature in an attempt to quell the rising tide of this type of moral decay.

The cases cited by the petitioner were prior to the decision in *Doe v. Commonwealth's Attorney for City of Richmond*, which is binding on this Court.

The petitioner, having failed to establish that he has been for the past five years a "person of good moral character" within the meaning of 8 U.S.C. § 1427(a)(3), his petition for naturalization must be DENIED, and

It is so ordered.